IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSE I. GUZMAN, | CIVIL NO. 11-00463 SOM/RLP |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| vs. | |
| RUSSELL T. HIGA, Individually; PAUL TSUKIYAMA, Individually; BRUCE ANDERSON, Individually and in His Official Capacity; VINCENT, Individually and in His Official Capacity; CHARLA J. OTA, Individually; 99 JOHN DOES; and 99 JANE DOES, | |
| Defendants. | |
| JOSE I. GUZMAN, | |
| Plaintiff, | |
| vs. | |
| BRUCE ANDERSON, Individually and in His Official Capacity; PAUL TSUKIYAMA, Individually; ALICE M. HALL, Individually; CHARLA J. OTA, Individually; WESLY LO, Individually and in His Official Capacity; LISA KNUTSEN, Individually; WENDY ONO, Individually; KIMBERLY UENO, Individually; 99 JOHN DOES; and 99 JANE DOES, | |
| Defendants. | |

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT

I.      INTRODUCTION.

        Plaintiff Jose I. Guzman ("Guzman") has brought suit

against Defendants Russell T. Higa, Paul Tsukiyama, Bruce Anderson, Vincent Lee,[1] Charla J. Ota, Alice M. Hall, Wesley Lo,[2] Lisa Knutson,[3] Wendy Ono, and Kimberly Ueno (collectively, "Defendants") for alleged due process violations in connection with his application for employment. In his "First Amended Complaint For Declaratory Judgment; Compensatory and Examplary [sic] Damages" ("FAC"), Guzman barely mentions Defendants' allegedly wrongful actions as a whole, much less individually, and fails to allege a basis for federal jurisdiction. Lacking subject matter jurisdiction over Guzman's claims, the court GRANTS Defendants' Motion to Dismiss First Amended Complaint (the "Motion").

II. BACKGROUND.

Because the FAC is sometimes unclear, the court, to the extent necessary to understand Guzman's allegations, relies on the supplemental facts offered in Defendants' Motion. Guzman does not appear to contest those supplemental facts.

Guzman is a resident of the City and County of Honolulu, State of Hawaii. See FAC ¶ 44, ECF No. 9. He alleges

---

[1] Guzman incorrectly named Vincent Lee as "Vincent" in the FAC.

[2] Guzman incorrectly named Wesley Lo as "Wesly Lo" in the FAC.

[3] Guzman incorrectly named Lisa Knutson as "Lisa Knutsen" in the FAC.

2

that, on or around March 9, 2011, he applied for civil service positions as a Building Maintenance Worker with the Oahu and Maui regions of the Hawaii Health Systems Corporation, State of Hawaii ("HHSC").[4]  Id. ¶¶ 4, 45; Employment Application, attached as Exhibit "C" to FAC.  Defendants allege that Guzman is not, and has never been, an HHSC employee.  See Motion at 2, ECF No. 10.

After interviewing Guzman, the Oahu Region of HHSC informed him by a letter signed by Higa and dated May 10, 2011, that he had not been selected.  See FAC ¶ 26, ECF No. 9; Letter from R. Higa to J. Guzman (May 10, 2011), attached as Exhibit "B" to Motion, ECF No. 10-3.  The letter informed Guzman that he could request administrative review of the decision within 20 days of the date of the letter.  See id.  By letter dated March 20, 2011, the Maui Region of HHSC informed Guzman that it also had not selected him.  See FAC ¶ 24, ECF No. 9; Letter from K. Ueno to J. Guzman (Mar. 30, 2011), attached as Exhibit "C" to Motion, ECF No. 10-4.  Guzman does not appear to have filed a timely request for administrative review in either instance.  See Motion at 2-3, ECF No. 10.

Guzman commenced this action on July 28, 2011, and amended his Complaint on September 13, 2011.  While the

---

[4] Defendants describe HHSC as "an agency and instrumentality of the State of Hawaii created pursuant to the provisions of Hawaii Revised Statutes ('HRS') ch. 323F that is subject to the same privileges and immunities as the State of Hawaii."  Motion at 2, ECF No. 10.

3

allegations in the FAC are difficult to follow, the caption to the FAC indicates that Guzman is asserting nine claims: (1) Deprivation of Substantive Due Process; (2) Deprivation of Procedural Due Process; (3) Deprivation of Confrontation and Cross-Examination; (4) Deprivation of Article I, Sec. 5 of the Hawaii Constitution; (5) Deprivation of Article I, Sec. 5 of the Hawaii Constitution - Deprivation of Procedural Due Process; (6) Deprivation of Confrontation and Cross-Examination Under Hawaii Constitution; (7) Disregard of HRS, Chapter 1, Section 2; (8) Disregard of HRS, Chapter 91; and (9) Disregard of HRS, Chapter 91, Section 3. See FAC, ECF No. 9. Guzman does not specify what allegedly wrongful act any individual Defendant took, instead alleging generally that "Defendants are employees of [the Oahu Region] and [the Maui Region] of HHSC, State of Hawaii, and acted under color of state law when they deprived Plaintiff of his federal and state constitutional rights and are residents of the State of Hawaii[.]" Id. ¶ 43.

In lieu of an Answer, Defendants filed the present Motion on October 12, 2011. See Motion, ECF No. 10. Guzman filed no Opposition to the Motion, but, on the deadline for filing an Opposition, filed his own Motion for Partial Summary Judgment ("MPSJ"). See Pl. Mot. for Partial Summ. J; Pl. Will Address Count I, VII, VIII and IX First and Count I Last, ECF No. 14. However, as Guzman's MPSJ suggests that the present Motion

is improper, Guzman apparently intended the MPSJ to be his Opposition to the present Motion. See MPSJ at 2, ECF No. 14 ("On October 12, 2011 Defendant [sic] filed a motion to dismiss plaintiff's 'FAC' without leave of court. Today is January 5, 2012 and Plaintiff has yet to receive defendants' answer to plaintiff's complaint."). Noting that the MPSJ did not address the same issues as the present Motion, this court did not treat the MPSJ as a counter-motion that could be heard with the Motion. The MPSJ is set for hearing on April 2, 2012. See Notice of Hr'g on Mot., ECF No. 15. Defendants timely filed their Reply on January 13, 2011. See Defs.' Reply Mem. in Supp. of Mot. to Dismiss First Am. Compl., Filed Oct. 12, 2011, ECF No. 16.

III.    STANDARD.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. Thornhill Publ'q Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When, as is the case with Defendants' Motion, the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).

IV.     ANALYSIS.

The FAC asserts that the court has both federal question jurisdiction and diversity jurisdiction. See FAC ¶ 43, ECF No. 9. Guzman does not establish the existence of either.

    A.     Guzman Fails To Assert A Federal Question.

A court has jurisdiction based on a federal question only when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Guzman cites federal statutory provisions, those references do not automatically confer subject matter jurisdiction on this court under 28 U.S.C. § 1331. The United States Supreme Court recognizes that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). The Court explains that "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of

subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Accord Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974))); Bell, 327 U.S. at 682-83 ("a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (same).

Guzman fails to present a "colorable" claim arising under federal law. He does not assert any facts allowing the court to reasonably infer that any Defendant violated federal law. The FAC offers one paragraph generally alleging Defendants' misconduct and stating that Defendants "acted under color of state law when they deprived Plaintiff of his federal and state

constitutional rights[.]" FAC ¶ 43, ECF No. 9.[5] This bare allegations fails to articulate how any Defendant participated in an allegedly wrongful act implicating a federal question in either an individual or official capacity.[6] Any purported federal question is insubstantial, immaterial, or implausible.

Only two of the ten Defendants are actually mentioned by name in the FAC:

> 6) Defendant Russell T. Giga's [sic] letter, exhibit D, to Plaintiff's counsel denying/refusing Plaintiff's use of the [Merit Appeals Board] administrative/adjudicatory Process is pretextual[.]
>
> . . . .
>
> 14) For example defendant Wendy C. Ono sent Plaintiff a copy of [Maui Region's] form to request [administrative review], but the form was sent, exhibit E, without the mandatory instructions to fill the form, HRS, chapter 92-2(a)(2)[.]

FAC ¶¶ 6, 14, ECF No. 9.

---

[5] By using the language "under color of state law," Guzman may be attempting to inartfully invoke 42 U.S.C. § 1983, which provides a statutory vehicle for suing a state actor for a deprivation of a federal right. Even if read in the context of § 1983, Guzman's language is insufficient to confer jurisdiction, as the FAC fails to suggest what particular federal right was violated by which Defendant. Guzman fails to articulate a proper claim under § 1983 or otherwise allege facts showing that Defendants indeed violated federal law under color of state law.

[6] The caption to the FAC inexplicably divides Defendants into two groups, with some Defendants appearing in both groups. Some Defendants are named either only individually, others in both their individual and official capacities. The reasons for the groupings and the different capacities are not explained.

Guzman fails to tie these allegations to any particular federal question. Guzman leaves Defendants and the court to guess what Higa's letter is a pretext for, and the alleged violation of section 92-2(a)(2)[7] does not arise under federal law.

In reviewing the exhibits attached to the FAC, the court notes that some Defendants' names appear in one of the exhibits. It appears that Lee and Tsukiyama are copied on the letter from Higa to Guzman's counsel, dated June 15, 2011, which explains that Guzman failed to seek administrative review of his nonselection within the specified time period. See Letter from R. Higa to M. Hernando (June 15, 2011), attached as Exhibit "D" to FAC, ECF No. 9-4. The letter notes that Tsukiyama had previously sent a letter to Guzman's counsel regarding HHSC's administrative review process. See id. It also notes that Guzman's counsel had previously sent a letter to Lee. See id. Anderson, Ota, Hall, Lo, Knutsen, and Ueno are not mentioned in either the text of the FAC or in any exhibit.

The invocation of federal constitutional provisions setting forth rights to due process, confrontation, and cross-

---

[7] Guzman appears to have meant to refer to section 91-2(a), which states, in relevant part, "In addition to other rulemaking requirements imposed by law, each agency shall: . . . (2) Adopt rules of practice, setting forth the nature and requirements of all formal and informal procedures available, and including a description of all forms and instructions used by the agency." Haw Rev. Stat. § 91-2(a) (1961).

9

examination does not transform into a colorable federal claim the mere mention of certain Defendants in a letter noting that Guzman failed to seek timely administrative review under state law. Defendants' writing, sending, or receipt of such correspondence to or from Guzman's counsel is unrelated to federal law. Guzman's bald allegations that Defendants deprived him of federal rights are insufficient to confer subject matter jurisdiction on this court.

        B.    <u>Guzman Fails To Establish Diversity Jurisdiction.</u>

        Guzman's own allegations in the FAC negate the possibility of diversity jurisdiction. Diversity jurisdiction exists when the parties are in complete diversity and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Complete diversity requires that the plaintiff be a citizen of a state different from the state each defendant is a citizen of. See <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001). Ignoring the difference between citizenship and residency, Guzman alleges that he is a resident of the City and County of Honolulu, State of Hawaii, and that Defendants "are residents of the State of Hawaii." FAC ¶¶ 43, 44, ECF No. 9. Guzman also alleges that "the amount in controversy exceeds []$10,000 (ten thousand dollars) exclusive of interest and costs." <u>Id.</u> ¶ 46. Guzman satisfies neither requirement for diversity jurisdiction.

V.      CONCLUSION.

This court lacks subject matter jurisdiction over Guzman's claims, all of which are dismissed for lack of subject matter jurisdiction.

Guzman may file a motion for leave to amend the FAC within 30 days of the date of this order.  Any such motion must attach a copy of the proposed Second Amended Complaint.  Guzman should provide courtesy copies of any such motion to Magistrate Judge Richard L. Puglisi, who will decide any such motion.  If Guzman does not file a timely motion attaching the proposed amended pleading, then this action will be dismissed and the case file will be closed.

Given the lack of any claims, Guzman's MPSJ, currently scheduled for April 2, 2012, is moot.  The Clerk of the Court is directed to terminate that motion and take the April 2, 2012, hearing off the court's calendar.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge